**GEORGE EDWARD MALONE**                                          **PETITIONER**

**v.**                                          **CIVIL ACTION NO. 3:13-CV-P675-S**

**CLARK TAYLOR, WARDEN**                                          **RESPONDENT**

## MEMORANDUM OPINION

Petitioner, George Edward Malone, filed this action pursuant to 28 U.S.C. § 2254,

seeking a writ of habeas corpus (DN 1).  According to his petition, after a jury trial in July 2004,

Petitioner was convicted of first-degree rape; first-degree sodomy; fourth-degree assault; first-

degree PFO; and kidnapping.  He was sentenced to 70 years in prison.  The petition argues that

Petitioner is actually innocent based on the affidavit of his wife, Constance Bell Malone.  That

affidavit, dated June 17, 2013, is attached to the petition.  Ms. Malone avers that she is the

"alleged victim," but that Petitioner did not rape her or commit the offenses against her.  She

states, "I was forced, beaten and threatened to say these things about George Malone, Jr.,

because of something he had done to some drug dealers.  This is why I had been forced to

fabricate these allegations against him."  Petitioner also states that prior to his trial Ms. Malone

had informed the Commonwealth's Attorney and the trial court that the offenses did not occur.

On preliminary consideration under Rule 4 of the Rules Governing Section 2254 Cases in

the United States District Courts, the Court directed Petitioner to show cause why his petition

should not be denied and his action dismissed as barred by the one-year statute of limitations

contained in 28 U.S.C. § 2244(d)(1) and (2).  In response to the show-cause Order (DN 8),

Petitioner concedes that his petition is time-barred.  However, he argues that the affidavit of his

wife is new evidence of his actual innocence such that the doctrine of equitable tolling should

apply.  He offers no explanation as to why his wife's affidavit could not have been presented earlier.

Petitioner also sent a letter to the undersigned (DN 10).  It contains a lengthy narrative as to Petitioner's version of why his wife "fabricated" the charges against him.  It also contains no explanation of why he could not have produced his wife's affidavit earlier.  In fact, that letter details that his wife comes to visit him "every weekend" and that his wife has "probably missed about 15 visits out of the whole 10 ½ years of [Petitioner's] incarceration."

The statute of limitations in 28 U.S.C. § 2244(d)(1) is not jurisdictional, and it is subject to equitable tolling.  *Sherwood v. Prelesnik*, 579 F.3d 581, 587-88 (6th Cir. 2009).  The Sixth Circuit cautions that equitable tolling relief should be granted sparingly.  *Id.* at 588.  Petitioner bears the burden of demonstrating that he is entitled to equitable tolling.  *Connolly v. Howes*, 304 F. App'x 412, 417 (6th Cir. 2008).  The statute of limitations in 28 U.S.C. § 2244(d)(1) may be equitably tolled when a habeas petitioner makes a credible claim of actual innocence based on new reliable evidence.  *Id.*; *see also Souter v. Jones*, 395 F.3d 577, 589-90 (6th Cir. 2005).  Actual innocence means factual innocence, not mere legal insufficiency or legal innocence.  *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Connolly*, 304 F. App'x at 417; *Souter*, 395 F.3d at 590.

To make out a credible claim of actual innocence, Petitioner is required to support his allegations of federal constitutional error with "new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial."  *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  Without any new reliable evidence and facts showing actual innocence, even the existence of a meritorious claim of a

federal constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a habeas claim that is barred by the statute of limitations. *Id.* at 316; *Connolly*, 304 F. App'x at 417.

Here, Petitioner has been married to Ms. Malone for nine years, he has seen her almost every weekend for the past ten and one-half years, and she had informed the Commonwealth's Attorney and the trial court before the beginning of Petitioner's trial that the charged offenses did not occur. Thus, his wife's affidavit does not constitute new evidence.

Accordingly, by separate Order, the Court will dismiss the petition as time-barred.

## CERTIFICATE OF APPEALABILITY

An individual who unsuccessfully petitions for a writ of habeas corpus in a federal district court and subsequently seeks appellate review must secure a certificate of appealability (COA) from either "a circuit justice or judge" before the appellate court may review the appeal. 28 U.S.C. § 2253(c)(1). A COA may not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

When a district court denies such a motion on procedural grounds without addressing the merits of the petition, a COA should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

When a plain procedural bar is present and a court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the petition

or that the petitioner should be allowed to proceed further. *Id.* In such a case, no appeal is warranted. *Id.* The Court is satisfied that no jurist of reason could find its procedural ruling in this case to be debatable. Thus, no certificate of appealability is warranted in this case.

Date: September 6, 2013

Charles R. Simpson III, Senior Judge
United States District Court

cc: Petitioner, *pro se*
Respondent
4411.009

4